UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| IRMA GOREE | § | CIVIL ACTION NO.: 3:24-CV-00637 |
| | § | |
| VERSUS | § | JUDGE TERRY A. DOUGHTY |
| | § | |
| CAPTAIN GERALD GIVENS, CITY OF | § | |
| BASTROP THROUGH ITS MAYOR, | § | |
| BETTY ALFORD-OLIVE AND | § | |
| XYZ INSURANCE COMPANY | § | MAG. JUDGE KAYLA MCCLUSKY |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

**I.  Applicable Law**

**A. Rule 56**

Summary judgment is appropriate when the movant shows "there is no genuine issue as to any material fact" and if a party demonstrates it is "entitled to judgment as a matter of law." F.R.C.P. 56(a). If video footage exists the facts must be considered in light of the videotape's depiction, as no reasonable jury could believe the nonmoving party's version of the facts. *See, Scott*, 550 U.S. 372, 380 - 81; *Shepherd on behalf of Estate of Shepherd*, 920 F.3d 278, 283 (5th Cir. 2000).

**A. Qualified Immunity**

Law Enforcement Officers have qualified immunity unless their conduct "violates a clearly established constitutional right." *E.g., Shepherd on behalf of Estate of Shepherd*, 920 F.3d at 285 (citation omitted). The inquiry focuses "on whether the officer had fair notice that… [their] conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). Unless the law at the time of the conduct clearly

-1-

established the officer's conduct as a constitutional violation, the officer "should not be subject to liability or… even the burdens of litigation." *Id.* Thus, the existing precedent must clearly establish that the statutory or constitutional question is "beyond debate." *Shepherd on behalf of Estate of Shepherd, supra* at 285.

### B. Excessive Force

#### a. Constitutional Claim

The Supreme Court in *Graham v. Connor* outlined three factors that inform the reasonableness of an officer's use of force: "(1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. The reasonableness of an officer's conduct cannot be judged with 20/20 hindsight but must be assessed "from the perspective of a reasonable officer on the scene." *Id.* at 396. Therefore, the inquiry into the reasonableness of an officer's conduct is objective, with no "regard to their underlying intent or motivation." *Id.* at 387. The determination of excessive force is confined to whether the officer was in danger at the moment of the use of force. *Harris*, 745 F3d 767, 772 (5th Cir. 2014).

#### b. State Claim

During a lawful arrest, Louisiana law allows the person effectuating the arrest to use reasonable force to "overcome any resistance or threatened resistance of the person being arrested or detained." La. Code Crim. Proc. Ann. art. 220 (West). Thus, law enforcement officers' use of force to effectuate an arrest "is a legitimate police function." *Kyle v. City of New Orleans*, 353 So.2d 969, 972 (La. 1977). An officer's liability for negligent use of force under La. Civ. Code art. 2315 is determined using the duty/risk analysis. *Lewis v. Kahn*, 95-01203, p. 5 (La. App. 3 Cir. 3/6/96), 670 So.2d 777, 780. *Id.* If any of the duty/risk analysis elements weigh against the

Plaintiff, there is no liability. *Lewis, supra* at 783.

The reasonableness of a law enforcement officer's use of force depends on the totality of the circumstances in each case. *Harvey v. City of Eunice Police Dept.*, 10-1228, p. 3 (La. App. 3 Cir. 4/6/11), 62 So.3d 290, 293. The court must analyze the "officers' actions against those of ordinary, prudent, and reasonable men placed in the same position as the officers and with the same knowledge of the officers." *Kyle, supra* at 972.

In determining an officer's breach of duty in their use of force the court should apply several factors established in *Kyle. Harvey, supra*). The *Kyle* factors for determining an officer's breach of duty include:

> the known character of the arrestee, the risk and dangers faced by the officers, the nature of the offense involved, the chance of the arrestee's escape if the particular means are not employed, the existence of alternative methods of arrest, the physical size, strength, and weaponry of the officers compared to the arrestee, and the exigencies of the moment.

*Kyle, supra* at 973. Courts have held that an officer's duty to act reasonably does not require them to "always choose the 'best' or even 'better' method of approach." *Lewis, supra* at 782.

Both Louisiana and Federal excessive force claims focus on the objective reasonableness of the officer's use of force under the totality of the circumstances. *Shepherd on behalf of Estate of Shepherd, supra* at 286. The Fifth Circuit, Louisiana federal district courts, and the Louisiana Supreme Courts recognize that Louisiana's factors established in *Kyle* are "sufficiently similar to the *Graham* factors." *Id.* Furthermore, the Louisiana Supreme Court has recognized that because the Louisiana standard for determining a state excessive force claim is the same as the constitutional standard, if the officers are found to have acted reasonably under a constitutional claim, the state law claim must also fail. *Id.*

## II. Application of Law to Facts

### A. Captain Givens Clearly used Reasonable Force When Analyzed Through the *Graham* Factors

The videotape clearly shows that Capt. Givens did not use excessive force. The Plaintiff asserts that Capt. Givens' use of deadly force was unreasonable because Mr. Goree was attempting to escape. In *Amador v. Vasquez*, although the court lacked jurisdiction, it denied summary judgment when viewing the facts in light most favorable to the plaintiff, the nonmoving party. *Amador v. Vasquez,* 961 F.3d 721, 730 (5th Cir. 2020). The court found there was a genuine dispute of whether an officer violated the suspect's right to be free of excessive force when he was standing thirty feet away, motionless, holding a knife, with his hand in the air for a few seconds. *Id.* In this case, however, Mr. Goree, as the videotape shows, was closer to Capt. Givens and there is no plausible argument that Mr. Goree stood motionless at a distance like the suspect in *Amador*. Ex. E at 9:16; Ex. B at 9:51; Ex. D at 7:41. Clearly, Mr. Goree posed a risk of serious harm to Captain Givens and others.

The Fifth Circuit uses *Graham's* three-factor test to determine the reasonableness of an officer's use of force. *Harris v. Serpas, supra* 772 (establishing the reasonableness of an officers action depend on (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight). In *Harris*, the court used the *Graham* factors to determine the reasonableness of the officer's actions. *Harris, supra* at 770. When the officers entered the bedroom and found Mr. Harris holding a knife, the officers yelled at him, commanding him to put the knife down. *Id.* After Mr. Harris refused to comply with demands the officers attempted to taze him. *Id.* In response, Mr. Harris began flailing his arms, raising the knife in a stabbing position. *Id.*

-4-

The court held that when looking at the "moment of the threat," the circumstances showed that the officers reasonably feared for their safety. *Harris*, *supra* at 772 – 73.

The circumstances of this case are clearly more analogous to the facts in *Harris* than *Amador*, as Mr. Goree presented a serious threat to the officers. As to the severity of the crime at issue, Mr. Goree had been identified by a stabbing victim as his assailant. Ex. C at 2. Secondly, as to the threat that Mr. Goree posed to the officers, while Mr. Goree initially complied with the Officers' commands, as soon as they began approaching, he launched toward Capt. Givens wielding a knife. Ex. E at 9:16; Ex. A at 9:51; Ex. D at 7:41. Additionally, unlike in *Amador*, there is no dispute that Mr. Goree was not motionless thirty feet away, as the videotape clearly shows him much closer and continuing to approach Capt. Givens. Ex. E at 9:16; Ex. A at 9:51; Ex. D at 7:41. Lastly, regarding resisting arrest, Mr. Goree was actively resisting his arrest by refusing to comply with the officers' orders to lie on the ground when he chose to attack Capt. Givens with the knife. Ex. E at 9:16; Ex. A at 9:51. In *Harris*, the court found that it was clear from the video that in the moment of the threat the officer reasonably feared for his safety when the Plaintiff had a knife raised. Here, like in *Harris*, it is clear from the *Graham* factors that Capt. Givens faced a reasonable threat when Mr. Goree rushed towards him with a knife. Thus, this Court should dismiss the Plaintiff's claims as there is no genuine dispute of material fact.

### B. Qualified Immunity

Capt. Givens is entitled to qualified immunity. To overcome Capt. Givens' qualified immunity defense the Plaintiff must show that Capt. Givens violated a constitutional right and that the right is clearly established law. However, in light of the video evidence, the Plaintiff has not and cannot show a genuine dispute of fact that Capt. Givens' conduct violated a clearly established law. The Plaintiff contends that Capt. Givens' use of deadly force violated the Fourteenth

Amendment's protection against excessive force, as Mr. Goree posed no threat to the officers as he was attempting to escape. The videotape, however, clearly shows that Mr. Goree was advancing towards Capt. Givens with a knife. Ex. E at 9:16; Ex. A at 9:51; Ex. D at 7:41.

In *Brosseau v. Haugen*, a suspect evading arrest attempted to flee in a vehicle. *Brosseau*, 543 U.S. at 598. When the vehicle began to move, the officer in pursuit fired a shot, striking the suspect. *Id.* The court found that under these circumstances, there was no clearly established constitutional violation, and the result very much depended on the facts of each case. *Id.* at 201. Thus, the court remanded it as there was a genuine dispute for the jury to determine as to the reasonableness of the officer's use of force when a suspect was fleeing. *Id.* at 201.

However, the circumstances of this case presents clearly established case law, which supports that Capt. Givens' actions did not violate the Fourteenth Amendment. In *Shepherd on behalf of Estate of Shepherd*, the Fifth Circuit held that caselaw has not clearly established that an officer shooting someone who is advancing towards them refusing to comply with commands violates the constitution. *Shepherd on behalf of Estate of Shepherd, supra* at 285. In fact, the court found that caselaw supports the finding that the officer's actions under this particular set of circumstances were constitutional. *Id.* (citing *Kisela v. Hughes*, 584 U.S. 100 (2018) (concluding that an officer's use of deadly force is not clearly established use of excessive force when an individual wielding a knife approaches a bystander); *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012) (finding an officer's use of deadly force reasonable when an individual advances towards an officer holding a knife and ignores officer's demands to drop the knife)).

Similar to the facts in *Shepherd on behalf of Estate of Shepherd* and the cases cited hereinabove, the videotape of the encounter shows Mr. Goree advancing towards Capt. Givens with a knife. Ex. E at 9:16; Ex. A at 9:51; Ex. D at 7:41. Unlike the suspect in *Brosseau*, who was

trying to evade arrest Mr. Goree is clearly approaching Capt. Givens. Ex. E at 9:16; Ex. A at 9:51; Ex. D at 7:41. In fact, unlike the suspect in *Brosseau*, who was attempting to get away from the officer, Mr. Goree went towards the officers despite there being a clear path to attempt to escape in front of the church. Ex. E at 9:16; Ex. A at 9:51; Ex. D at 7:41. Moreover, the videotape's audio clearly establishes that Mr. Goree ignored the officers' commands by standing. Thus, even if Capt. Givens' actions are found to be unreasonable, he is entitled to qualified immunity under the circumstances for both the federal and the state law claims.

Plaintiff's reliance on *Mullenix v. Lunn*, 136 S.Ct. 305 (2015) is misplaced. *Mullenix* found the officers were entitled to qualified immunity. The facts show that Capt. Givens was aware of an allegation Mr. Goree had recently stabbed another man. Mr. Goree was told to lie on the ground with his arms out. He came at Capt. Givens brandishing a knife. Unquestionably, Mr. Goree posed a real, imminent threat to all of the officers on the scene. Capt. Givens' actions were objectively reasonable. The Fourth Amendment does not prohibit Capt. Givens' actions in the situation presented by Mr. Goree's attack. Capt. Givens is entitled to qualified immunity under the circumstances presented by the facts of this case and supported by the contemporaneous video evidence.

### C. Capt. Givens acted in Accordance with his State Law Duty of Reasonableness

Here, the *Kyle* factors, which mirror the *Graham* factors, clearly establish reasonable force was used. The Plaintiff contends that when Mr. Goree was shot, he was attempting to flee, was not close to Capt. Givens, that Mr. Goree was not menacingly holding the knife, that there were alternative means of detaining Mr. Goree, that Mr. Goree only had a knife, and no others were in the vicinity. However, the videotape clearly shows that it was reasonable under the totality of the circumstances to use deadly force. Mr. Goree was not attempting to flee, he was close to Capt.

Givens who had slipped while trying to evade the knife attack by Mr. Goree. Attempts to detain Mr. Goree had failed and there were two (2) other officers in close proximity.

In *Lewis v. Kahn,* a Louisiana court applied the *Kyle* factors to an excessive force claim, finding that there was no liability when an officer shot a suspect advancing towards him. *Lewis, supra.* For the first inquiry under the duty/risk analysis, the court found that the officer had the authority to approach and disarm the suspect and owed the suspect the duty of reasonableness under the totality of the circumstances. *Id.* at 781. The court then applied the seven *Kyle* factors of reasonableness to determine whether the officer breached their duty by the methods used. *Id.* at 781-82. The *Lewis* court found that the actions of the officers were reasonable under the circumstances.

The facts of the present case are clearly analogous to the court's findings in *Lewis*. For the first element of the duty/risk analysis, as the Plaintiff admits, Capt. Givens had the authority to approach and disarm Mr. Goree, owing him a duty of reasonableness under the totality of the circumstances. The second element of the duty/risk analysis, the breach of duty element, the videotape clearly shows that Capt. Givens acted reasonably under the circumstances.

For the first *Kyle* factor, the suspect's character, like the officers in *Lewis*, Capt. Givens was responding to an assault complaint and knew that Mr. Goree may have been armed with a knife. Secondly, for the risk and danger that the officers faced, while Mr. Goree initially complied with the Officers' commands, as soon as they began approaching, he launched toward Capt. Givens wielding a knife. Ex. E at 9:16; Ex. A at 9:51; Ex. D at 7:41. Additionally, like the suspect in *Lewis*, Mr. Goree was close to Capt. Givens with a knife and continuing to approach him clearly posing a threat of serious injury and danger. Ex. E at 9:16; Ex. A at 9:51; Ex. D at 7:41. The next *Kyle* factor is the nature of the offense involved. Here, like in *Lewis*, where the officers were responding

-8-

assault, Mr. Goree had been identified as the assailant of a stabbing victim. Ex. C at 2. The fourth factor is the chance of Mr. Goree's escape if the particular means were not employed. Here, like the suspect in *Lewis*, Mr. Goree had repeatedly ignored the officer's request to get on the ground, thus making it reasonable to believe he might escape. Ex. E at 9:16; Ex. A at 9:51.

For the fifth *Kyle* factor, the existence of alternative methods, the Plaintiff contends that Capt. Givens should have, as he attempted to do, asked his colleagues to taze Mr. Goree as a less lethal method to stop him from approaching with the knife. Ex. E at 9:16; Ex. A at 9:51; Ex. D at 7:41. However, as stated in *Lewis*, "officer's duty to act reasonably does not extend so far as to require that the officer always choose the 'best' or even a 'better' method of approach." *Lewis*, *supra* at 782. Furthermore, as with the suspect in *Lewis*, Mr. Goree was only a few feet away from Capt. Givens while he attempted to retreat and slipped, posing a significant threat to him and leaving him with the options to be stabbed or shoot. Ex. E at 9:16; Ex. A at 9:51; Ex. D at 7:41. The sixth *Kyle* factor is the physical size, strength, and weaponry of the officer compared to the suspect. In this case, unlike in *Lewis*, the officers continued to outnumber the suspect, however like the officer in *Lewis*, Capt. Givens, while maintaining some tactical advantage with a gun, faced the threat of a man known to be violent only a few feet away. Ex. C at 2.; Ex. E at 9:16; Ex. A at 9:51; Ex. D at 7:41. Moreover, as Mr. Goree attacked, it became a one on one situation. Lastly, the final *Kyle* factor is the exigency of the moment. While the area around the church had no crowd, unlike the residential area in *Lewis*, Mr. Goree was known to be violent, having stabbed someone earlier that day. Ex. C at 2. Furthermore, Mr. Goree continued to ignore their requests, making it reasonable to believe that he could escape into the area, thus, putting the public in harms way. Ex. E at 9:16; Ex. A at 9:51; Ex. D at 7:41. Therefore, even if Mr. Goree's unknown motivation was to escape because Mr. Goree repeatedly ignored the officer's requests to lie down and stay down,

advanced towards Capt. Givens with a knife, was known to be violent, and was only a few feet away from Capt. Givens, that fact is immaterial. Thus, considering the circumstances of the videotape, there was not a breach of the duty of reasonableness Capt. Givens owed to Mr. Goree.

### III.    Conclusion

The Plaintiff bears the burden of establishing her claim. The Plaintiff cannot do so and has failed to do so. The actions of Capt. Givens were reasonable and justified, according to state and federal law. Secondly, caselaw supports finding that Capt. Givens is entitled to qualified immunity. Accordingly, Defendants PRAY for an ORDER DISMISSING WITH PREJUDICE, the Plaintiff's claims against all Defendants.

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN, WOODLEY & CROMWELL, L.L.P.

By: _____/s/ Joseph S. Woodley_____
Joseph S. Woodley, Bar #19228
400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone: (318) 221-1800
Facsimile:   (318) 226-0390
E-mail: jwoodley@padwbc.com
ATTORNEY FOR DEFENDANTS,
CITY OF BASTROP AND
CAPTAIN GERALD GIVENS

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF System.  Notice of this filing has been served on all parties via the Court's CM/ECT System on this 16th day of September, 2024.

_____/s/ Joseph S. Woodley_____
OF COUNSEL